UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN RICHARD VONGERMETEN,

        Appellant,

                                     Case No. 23-cv-0823-bhl

   v.

UNITED STATES TRUSTEE,

        Appellee.

## ORDER

On June 21, 2023, Dean Richard Vongermeten filed this appeal from a Bankruptcy Court Order, dismissing his case for cause pursuant to 11 U.S.C. § 707(a) on grounds that the case was not filed in good faith or for a proper bankruptcy purpose. (ECF No. 1; ECF No. 1-2 at 1.) A week later, Vongermeten moved for "an emergency hearing . . ., temporary restraining order/injunction against the sale of [his home], and order for [his] removal, given to sheriffs scheduled this July 21, 2023." (ECF No. 2 at 2.)

"[T]o succeed on a motion for a preliminary injunction, the party seeking the injunction must make an initial showing (1) that [his] case has a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) [he] will suffer irreparable harm if the injunction is not granted." *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1055 (7th Cir. 2004). At this juncture, it is not even entirely clear precisely who or what Vongermeten wants to enjoin. In his underlying bankruptcy case, he moved for an "EMERGENCY PRELIMINARY INJUNCTION AGAINST EVICTION." (ECF No. 1 at 7.) It appeared to the Bankruptcy Court that this motion sought "injunctive relief against a mortgage creditor in connection with a foreclosure action pending in state court." (*Id.*) The Bankruptcy Court denied Vongermeten's motion, in part, because it found it did "not have jurisdiction to invalidate, overturn, or enjoin state court proceedings." (*Id.* at 8 (citing *In re Liptak*, 304 B.R. 820, 838 (Bankr. N.D. Ill. 2004).) To the extent this latest request mirrors the one made before the Bankruptcy Court, this Court, too, would lack jurisdiction to issue Vongermeten the relief he seeks. If he is seeking injunctive relief against

some other action, the record is too underdeveloped to support such an order. Indeed, the Record on Appeal has not yet been docketed. *See* Fed. R. Bankr. P. 8009 (setting forth the procedure for identifying what items will be included on the record on appeal). Nor has Vongermeten supplied the Court with a record on which it could understand his request, let alone enter injunctive relief. Vongermeten's motion reads as if he expects this Court to have full knowledge of what transpired in his bankruptcy case, and perhaps a pending foreclosure action as well. But Vongermeten's knowledge cannot be imputed to the Court. And, at the moment, the record is too sparse to warrant emergency relief. As a result, Vongermeten cannot show any likelihood of success on the merits, so his motion will be denied.

**IT IS HEREBY ORDERED** that Vongermeten's Motion for Temporary Restraining Order, ECF No. 2, is **DENIED**.

Dated at Milwaukee, Wisconsin on June 29, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge