UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN RICHARD VONGERMETEN,

    Appellant,

v.                                                            Case No. 23-cv-0823-bhl

UNITED STATES TRUSTEE,

    Appellee.

## ORDER

On June 21, 2023, Dean Richard Vongermeten filed this appeal from a Bankruptcy Court Order, dismissing his case for cause pursuant to 11 U.S.C. § 707(a) because the court concluded the case was not filed in good faith or for a proper bankruptcy purpose. (ECF No. 1; ECF No. 1-2 at 1.) A week later, he moved for "an emergency hearing . . ., temporary restraining order/injunction against the sale of [his home], and order for [his] removal, given to sheriffs scheduled this July 21, 2023." (ECF No. 2 at 2.) The Court denied that motion. (ECF No. 3.) Undeterred, on July 17, 2023, Vongermeten filed a new Motion for a Preliminary Injunction. (ECF No. 7.)

"[T]o succeed on a motion for a preliminary injunction, the party seeking the injunction must make an initial showing (1) that [his] case has a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) [he] will suffer irreparable harm if the injunction is not granted." *Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1055 (7th Cir. 2004). Vongermenten cannot meet this standard. As with his prior motion and the motion he filed in bankruptcy court, it appears that his present motion seeks "injunctive relief against a mortgage creditor in connection with a foreclosure action pending in state court." (ECF No. 1 at 7.) In its prior order denying his motion for a temporary restraining order/preliminary injunction, this Court expressed some confusion as to the exact posture of Vongermenten's state-court case. (ECF No. 3 at 1.) Based upon his latest submissions, it seems that the Wisconsin Court of Appeals dismissed his appeal from a Racine County foreclosure action on July 14, 2023. (ECF No. 7-1 at 3-6.) And

it is that decision he claims this Court has "jurisdiction to overturn." (ECF No. 7 at 1.) But the proper place to challenge a decision of the Wisconsin Court of Appeals is the Wisconsin Supreme Court, not a federal district court. *See Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) ("Lower federal courts are not vested with appellate authority over state courts."). Vongermenten still has time to petition the Wisconsin Supreme Court for review. *See* Wis. Stat. § 808.10(1). He also has the ability to seek a stay of the foreclosure pending his appeal. *See* Wis. Stat. § 808.07(2)(a)(1-3). Thus, not only is his present federal suit unlikely to succeed on the merits for want of jurisdiction, he also retains adequate remedies at law. For those reasons, his motion for a preliminary injunction must be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Vongermeten's Motion for a Preliminary Injunction, ECF No. 7, is **DENIED**.

**IT IS FURTHER ORDERED** that Vongermeten's Motion for Reconsideration, ECF No. 4, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Vongermeten's Motion to Remand, ECF No. 5, is **DENIED**.

Dated at Milwaukee, Wisconsin on July 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Vongermeten also filed a Motion to Remand. (ECF No. 5.) That motion may, however, be an attempt to *remove* his state-court case to this Court. If so, the procedure for removal of civil actions to federal court is codified at 28 U.S.C. § 1446 and Vongermeten has not followed it. Because this motion makes no sense (there is no originating court to which this case could be remanded), the Motion to Remand will be denied.