UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN RICHARD VONGERMETEN,

    Appellant,

v.                                                Case No. 23-cv-0823-bhl

UNITED STATES TRUSTEE,

    Appellee.

## ORDER TO SHOW CAUSE

On June 21, 2023, Dean Richard Vongermeten filed this appeal from a Bankruptcy Court Order, dismissing his case for cause pursuant to 11 U.S.C. § 707(a). (ECF No. 1; ECF No. 1-2 at 1.) According to the Bankruptcy Court, Vongermeten's "case appear[ed] to be solely a dispute between the debtor and a mortgage creditor." (ECF No. 9-2 at 561-62.) And its asserted purpose was "to bring an 'adverse claim' against the mortgage creditor and other parties, which is not a proper bankruptcy purpose." (*Id.* at 562.) The Bankruptcy Court also held that, because "Vongermeten refused to sign the bankruptcy petition and schedules under penalty of perjury," he "did not file [his] case in good faith." (*Id.*)

That the Bankruptcy Court reached these conclusions is unsurprising. Vongermeten's filings intimate affiliation with the so-called sovereign citizen movement, whose members have historically brought "shopworn" and "frivolous" claims. *Gregerson v. Wisconsin*, No. 15-cv-549-wmc, 2016 WL 5794811, at *2 (W.D. Wis. Oct. 4, 2016); *see* Michael Crowell, *A Quick Guide to Sovereign Citizens*, UNIV. OF N.C. SCH. OF GOV'T, https://www.sog.unc.edu/sites/default/files/reports/aojb1504.pdf. For example, in his appeal, Vongermeten refers to himself as "a living man and authorized representative for the 'debtor', DEAN RICAHRD VONGERMETEN." (ECF No. 1 at 1.) The distinction is apparently that the "debtor is the social security trust ENTITY as resides in District of Columbia as codified under UCC 9-307," while "[t]he living man is not the NAME and is not the debtor." (*Id.* at 1.) This perplexing duality is part of a tactic sovereign citizens use to "avoid[] inadvertent subjection to

[the] false" post-Civil War United States government. Crowell, *supra* at 2. Vongermeten also identifies as a "Private Attorney General," affixes the copyright symbol (©) to his name, and signs his documents with a red thumbprint. (ECF No. 1 at 4.) These are other peculiarities that frequently arise wherever sovereign citizens are found. *See* Crowell, *supra* at 5. Vongermeten also appears skittish around ZIP codes. (*See* ECF No. 9-2 at 45, 49 (using the fake ZIP code "99999" for property located in Racine County)); Crowell, *supra* at 2 (sovereign citizens will often "avoid using ZIP codes"). In short, there is ample reason to believe Vongermeten belongs to a group infamous for frivolous filing.

That said, the Court cannot dismiss cases for frivolity by association. Sovereign citizens have the same rights to access the federal courts as anyone else. But the lawsuits they file are not entitled to any special leeway. "District judges have ample authority to [spontaneously] dismiss" them if they are "frivolous or transparently defective." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Vongermeten's appeal fits the bill, at least facially. He avers: "The point of this bankruptcy is to audit and claim the decedent estate (the clerk has the cusips) and settle any bonafide claims that can be proven." (ECF No. 1 at 1.) To the extent comprehensible, this seems to confirm the Bankruptcy Court's conclusion that Vongermeten brought his bankruptcy case for an improper purpose. That would render his appeal frivolous. *See Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (A suit is frivolous when the plaintiff "can make no rational argument in law or facts to support his . . . claim for relief.") (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

The Court could await full briefing of the appeal, as outlined in Federal Rule of Bankruptcy Procedure 8018, but in the interest of time and efficiency, it will instead stay all briefing deadlines and direct Vongermeten to show cause why his appeal should not be dismissed as frivolous. If the papers he files do not demonstrate any potential merit to this appeal, the Court will dismiss the appeal without further briefing. If he convinces the Court that his appeal might have some merit, the Court will issue a new order, setting forth a new briefing schedule consistent with Rule 8018.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant Dean Richard Vongermeten must show cause why his appeal should not be dismissed as frivolous. Vongermeten's brief explaining the merits of his appeal must be filed on or before **August 7, 2023**. All other deadlines are hereby **STAYED** pending resolution of the Order to Show Cause.

Dated at Milwaukee, Wisconsin on July 21, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge