UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN RICHARD VONGERMETEN,

        Appellant,

v.                                        Case No. 23-cv-0823-bhl

UNITED STATES TRUSTEE,

        Appellee.

## ORDER DISMISSING APPEAL

On June 21, 2023, Dean Richard Vongermeten filed this appeal from a Bankruptcy Court Order, dismissing his case for cause pursuant to 11 U.S.C. § 707(a). (ECF No. 1; ECF No. 1-2 at 1.) According to the Bankruptcy Court, Vongermeten's "case appear[ed] to be solely a dispute between the debtor and a mortgage creditor." (ECF No. 9-2 at 561-62.) And its asserted purpose was "to bring an 'adverse claim' against the mortgage creditor and other parties, which is not a proper bankruptcy purpose." (*Id.* at 562.) The Bankruptcy Court also held that, because "Vongermeten refused to sign the bankruptcy petition and schedules under penalty of perjury," he "did not file [his] case in good faith." (*Id.*)

On July 21, 2023, this Court entered an Order directing Vongermeten to show cause why his appeal should not be dismissed as frivolous. (ECF No. 12.) The Order stated: "To the extent comprehensible, [Vongermeten's filings] seem[] to confirm the Bankruptcy Court's conclusion that [he] brought his bankruptcy case for an improper purpose." (*Id.* at 2.) "That would render his appeal frivolous." (*Id.*)

Vongermeten's response arrived on July 27, 2023, and it does nothing to salvage his case. He alleges a conspiracy "committed by judges and lawyers" to steal his property. (ECF No. 17 at 3.) And he confirms, once again, that he seeks to attack a state-court judgment that his mortgage creditor obtained. He labels this judgment "void" and declares that "[a] void judgment may be collaterally attacked in any proceeding and at any time." (*Id.*) He goes on to explain that he did not sign his bankruptcy petition or schedules because he is not the debtor; his Social Security

account is.  (*Id.*)  Despite what he may believe, these admissions only push his case further into the "frivolous" category.  Based on his response to the Order to Show Cause, the Court is convinced that Vongermeten "can make no rational argument in law or facts to support his . . . claim for relief."  *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).  That means his appeal is frivolous, and "[d]istrict judges have ample authority to [spontaneously] dismiss" claims that are "frivolous or transparently defective."  *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).  That is the only proper course here.

Normally, courts should afford *pro se* plaintiffs leave to amend their defective pleadings. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016).  But this is only necessary when "frivolous factual allegations could be remedied through more specific pleading" or where the absence of sufficient facts in a complaint is due to the unskilled nature of the *pro se* plaintiff. *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (citations omitted).  Vongermeten cannot remedy his appeal through greater specificity.  Indeed, the more specific he gets, the less meritorious his claims appear.  Allowing him another opportunity to justify his appeal would accomplish nothing.  *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 522 (7th Cir. 2015) (recognizing that district courts may deny leave to amend when any amended would be futile).  Dismissal will therefore be with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant Dean Richard Vongermeten's Appeal is frivolous and is **dismissed with prejudice**.  The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 28, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge